IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GARY A. SCHLAKE					PETITIONER

VS.						CIVIL ACTION NO. 3:19cv628-DPJ-FKB

DAVID PAUL, WARDEN				RESPONDENT

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2241 by a federal prisoner incarcerated at the Yazoo City Federal Correctional Complex. He asserts that his sentence was improperly enhanced under the Federal Sentencing Guidelines and that the wrong version of the Guidelines was used by the court. The undersigned recommends that the petition be dismissed.

In 2007, Gary A. Schlake was tried and convicted in the United States District Court of Montana of using the Internet to coerce and entice a minor child to engage in sex, in violation of 18 U.S.C. § 2422(b). He was sentenced to a term of 210 months. The sentence was at the high end of the calculated Guidelines range, the court having applied offense-level enhancements for Schlake's misrepresentation of his age to his minor victim, for his use of a computer or Internet device to entice the victim, and for his status as a repeat and dangerous sex offender of minor children. The Ninth Circuit affirmed his conviction and sentence. *United States v. Schlake*, 264 F. Appx. 568 (9th Cir. 2008).

In 2009, Schlake filed a motion pursuant to 28 U.S.C. § 2255 in which he argued, *inter alia*, that his counsel had been ineffective in failing to challenge the sentence enhancements for misrepresentation of age and the increased offense level based upon his status as a repeat and dangerous sex offender. The sentencing court denied relief, and the Ninth Circuit affirmed.[1]

In his present petition, Schlake again challenges the applicability of the offense-level enhancements for misrepresentation of age, for use of the Internet, and for his status as a repeat sex offender. He also contends that the sentencing court used the Guidelines in effect at the time of his sentencing, rather than the version in effect at the time of his offense, resulting in a longer sentence and a violation of the Constitution's Ex Post Facto Clause.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Schlake argues that he may nevertheless proceed under § 2241 because his claims fall under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or

---

[1] Schlake has also filed a previous § 2241 petition challenging his sentence. In May of 2017, Schlake filed a § 2241 petition in the United States District Court for the Northern District of Florida, the district in which he was then incarcerated. As before, he challenged the applicability of the offense-level enhancements for misrepresentation of his age and his status a repeat sex offender. He also challenged the applicability of the offense-level enhancement he received for use of a computer or Internet-access device to entice a victim. The court dismissed the petition, finding that it did not have jurisdiction over the petition because his claims did not satisfy the requirements of 28 U.S.C. § 2255(e). *Schlake v. Blackmon*, 2018 WL 7050757 (N.D. Fla. Dec. 17, 2018) (report and recommendation), adopted by *Schlake v. Blackmon*, 2019 WL 211958 (N.D. Fla. January 15, 2019).

unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

It is well-established in the Fifth Circuit that challenges to the validity of a sentence enhancement do not fall within the savings clause and are therefore not cognizable under § 2241, because they are not claims that the petitioner is actually innocent of the crime of conviction. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause). Thus, this court is without jurisdiction over Schlake's claims regarding the applicability of the offense-level enhancements used in his sentencing calculation.              .

In his remaining claim, Schlake argues that the sentencing court's use of the Guidelines in effect at the time of his sentencing violated the Ex Post Facto Clause. In an attempt to fit this claim within the savings clause, Schlake relies upon *Peugh v. United States*, 569 U.S. 530 (2013), a Supreme Court decision handed down after his sentencing and after the filing of his § 2255 motion. In *Peugh*, the sentencing court had followed the general rule of using the Guidelines in effect at the time of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii). This reliance resulted in a longer term than Peugh would have received under the Guidelines in effect at the time of the offense. The Supreme Court held that use of the Guidelines promulgated after the date of the crime violates

3

the Ex Post Facto Clause if the newer version provides a higher sentencing range than did the version in effect at the time of the offense.

The initial filings in this case from both Schlake and Respondent were unclear as to which version of the Guidelines was used and how Schlake's sentence was calculated. On September 22, 2021, the Court entered an order [26] directing Respondent to file a supplemental response clarifying these matters. In accordance with the order, Respondent filed a supplemental response [30] and a copy of the presentence report [33]. The supplemental response and presentence report make it clear that Schlake was sentenced under the Guidelines in effect at the time of his offense, *i.e.*, the 2003 Guidelines, rather than those in effect at the time of sentencing, the 2006 Guidelines, because the use of the latter would have yielded a higher sentencing range. [30] at 2, [33] at 5. Furthermore, the citations and calculations in the presentence report are consistent with the 2003 Guidelines. Thus, although Schalke insists that he was sentenced under the 2006 Guidelines, there is no support for this assertion.[2] Because there is no factual basis for his claim, it does not meet the requirements of *Reyes-Requena*.

---

[2] The presentence report and the supplemental response indicate that Schlake's offense level was calculated as follows under the 2003 Guidelines: Pursuant to 24 U.S.S.G. § 2G1.1.1, and its cross-reference of § 2A3.2(a)(1), the sentencing court calculated a base offense level of 24. It then added a two-level enhancement for misrepresentation of identity under § 2A3.2(b)(2)(A) and a two-level enhancement under § 2A3.2(b)(3) for use of a computer, yielding an adjusted offense level of 28. Finally, the Court added a five-level enhancement under §4B1.5(b)(1) for Schlake's status as a repeat and dangerous sex offender against a minor. Thus, his total offense level was 33.

The supplemental response and the presentence report actually cite the cross-reference from § 2G1.1.1 as § 2A3.2(a)(2), not § 2A3.2(a)(1). [30] at 3, [33] at 5. However, the language that immediately follows the citations in these documents, and the calculation of a base offense level of 24, indicate that these citations are in error and that the correct cross-reference is § 2A3.2(a)(1).

Schlake's claims do not fall within the savings clause, and therefore this court is without jurisdiction over his petition. Accordingly, the undersigned recommends that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of November, 2021.

/s/ F. Keith Ball
United States Magistrate Judge